IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN T. ENGLAND, | ) | |
| Plaintiff(s), | ) | No. C 06-5309 CRB (PR) |
| v. | ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| ALAMEDA COUNTY JAIL, | ) | |
| Defendant(s). | ) | |

Plaintiff, a prisoner at the Alameda County Jail, Santa Rita Facility, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that prison officials have refused to provide him with surgery to repair the nerves in his arm. He does not allege what treatment he has received or name any specific defendant, however.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such

relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994) (equating standard to that of criminal recklessness). Consequently, proving negligence is not enough to establish liability under the Eighth Amendment. Id. at 835-36 & n. 4. An "official's failure to alleviate a significant risk that he should have perceived but did not, cannot under our cases be condemned as the infliction of punishment." Id. at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prison, but rather, upon the constraints facing the official." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)). Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05.

A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing

2

more than a difference of medical opinion as to the need to pursue one course of treatment over the another is generally insufficient to establish deliberate indifference.  Toguchi v. Chung, 391 F.3d 1051, 1058, 159-160 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  In order to prevail on a claim involving choices between alternative courses of treatment, a prisoner-plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to plaintiff's health.  Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

      Plaintiff's allegations that prison officials refuse to provide him with the specific treatment he wants to repair the nerves in his arm are not enough to state a claim for deliberate indifference.  Plaintiff will be afforded an opportunity to amend and, if possible, allege facts showing that he has received no treatment for his arm or that the treatment the prison doctors have chosen is medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to plaintiff's health.  See id.  Plaintiff must also name specific defendants and allege facts showing how their wrongdoing caused the deprivation of his constitutional rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

## CONCLUSION

      For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

1  Plaintiff is advised that the amended complaint will supersede the original
2 complaint and all other pleadings.  Claims and defendants not included in the
3 amended complaint will not be considered by the court.  See King v. Atiyeh, 814
4 F.2d 565, 567 (9th Cir. 1987).
5 SO ORDERED.
6 DATED: Feb. 26, 2007

CHARLES R. BREYER
United States District Judge

4